# SUMMONS

**State of Minnesota**                                          **District Court**

**County of Ramsey**                                          **Second Judicial District**

---

KAZONG LO, individually and on                    Court File Number: _____
behalf of all others similarly situated,              Case Type: __Other Civil__

        Plaintiff,

                                      **Summons**

v.

ASIAN-AMERICAN HOME
HEALTHCARE SERVICES, INC.,

        Defendant.

---

THIS SUMMONS IS DIRECTED TO **Asian-American Home Healthcare Service, Inc**.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20** days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

**Johnson Becker, PLLC**

**Attn: Jennell K. Shannon**

**444 Cedar Street, Suite 1800**

**St. Paul, Minnesota 55101**

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to

EXHIBIT 1

tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_Jennell K. Shannon_

Jennell K. Shannon

05/06/2019
Dated

Jennell K. Shannon
Jennell K. Shannon
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101

EXHIBIT 1

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT
Case Type: Other Civil

| | |
|---|---|
| KAZONG LO, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ASIAN-AMERICAN HOME HEALTHCARE SERVICES, INC.,<br><br>        Defendant. | Case No.:_____<br><br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, KAZONG LO ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant, ASIAN-AMERICAN HOME HEALTHCARE SERVICES, INC. ("Defendant" or "AAHHS"), individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1.    This is a class and collective action brought by Plaintiff on her own behalf and on behalf of all similarly situated current and/or former employees of Defendant to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and other appropriate rules, regulations, statutes, and ordinances.

2.    AAHHS is a for-profit business registered to do business within the State of Minnesota. According to its website, AAHHS "provides care to individuals who are physically and mentally impaired as well as the elderly."[1] AAHHS's purpose is to "provide clients with well-

---

[1] Asian American Home Health Care Services, Inc., http://www.asianamericanhhc.com/ (last

EXHIBIT 1

qualified, short term and long term personal care assistance for those who have difficulty with activities of daily living within our diverse ethnic community."[2] AAHHS describes itself as "an ethical, honest and reliable agency that provides top quality personal care assistance."[3]

3.　　Defendant employs individuals, such as Plaintiff, as Personal Care Attendants ("PCAs") to provide direct care services in individuals' homes.

4.　　Defendant employed Plaintiff, and other similarly situated current and/or former employees, to work in excess for forty (40) hours in a workweek without being compensated overtime premiums as required by the FLSA. When Plaintiff asked for compensation for her overtime hours worked, Defendant took no action to ensure that Plaintiff was compensated for all of her unpaid hours.

5.　　Additionally, Defendant shorted Plaintiff's hours, as well as the hours of other similarly situated current and/or former employees, by failing to pay Plaintiff for all working hours Plaintiff reported to Defendant.

6.　　The U.S. Department of Labor specifically condemns an employer's non-payment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay." *See* DOL Fact Sheet #23 at 1, attached hereto as Exhibit 1. In 2015, the U.S. Department of Labor further recognized that "third party employers of direct care workers (such as home care staffing agencies) are not permitted to claim either the exemption for companionship

---

visited April 22, 2019).

[2] *Id.*

[3] *Id.*

EXHIBIT 1

services or the exemption for live-in domestic service employees." *See* DOL Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service, Final Rule, attached hereto as Exhibit 2.

7.     Plaintiff brings this action on behalf of herself and all other similarly situated hourly employees of Defendant, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which she may be entitled.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over Defendant pursuant to Minn. Stat. § 484.01 subd. 1(1) because this lawsuit is a civil action and Defendant is based, resides, and conducts business in Minnesota.

9.     This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

10.     Ramsey County is the proper venue pursuant to Minn. Stat. § 542.09 as the Defendant resides in Ramsey County. Further, Ramsey County is the proper venue pursuant to Minn. Stat. § 542.08 as this lawsuit for wages is based upon work performed in Ramsey County.

## PARTIES

11.     Lo is an individual who resides in the County of Isanti, City of Isanti, Minnesota.

12.     Lo was employed by Defendant as a PCA from approximately September 2016 to April 2019.

13.     Lo brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and her Consent to Sue is attached hereto as Exhibit 3.

3

EXHIBIT 1

14.    Plaintiff and the members of the putative FLSA Collective Class are current and/or former hourly paid employees of Defendant.

15.    AAHHS is a for-profit business registered to do business within the State of Minnesota, "provid[ing] care to individuals who are physically and mentally impaired as well as the elderly."[4]

16.    AAHHS is a Minnesota corporation headquartered and doing business in the State of Minnesota. Defendant can be served at its registered office address, 225 W University Avenue, Suite 123B, Saint Paul, MN 55103.

## GENERAL ALLEGATIONS

17.    Lo began working for Defendant as a PCA in, or around, September of 2016. Plaintiff is currently employed by Defendant.

18.    Lo's primary job duties as a PCA included, but were not limited to, helping Defendant's elderly or disabled clients with their personal care, personal hygiene, and dressing; preparing meals for the clients, assisting the clients with eating; and other direct client care, such as mobility assistance.

19.    Lo's duties as a PCA were the same or substantially similar to the duties performed by other PCAs employed by Defendant.

20.    At all times during her employment, Lo was compensated by Defendant on an hourly basis. Plaintiff's standard hourly rate was $12.10 per hour.

21.    Lo regularly worked in excess of (40) hours per workweek for Defendant. *See, e.g.,*

---

[4] Asian American Home Health Care Services, Inc., http://www.asianamericanhhc.com/ (last visited April 22, 2019).

4

EXHIBIT 1

Plaintiff's Paystubs from Check Dated 3/7/2019, attached hereto as Exhibit 4.

22. While at times Defendant compensated Lo at an overtime rate for hours worked in excess of forty (40) in one workweek, Defendant primarily paid Lo her standard hourly rate for hours Lo worked which were in excess of forty (40) in one workweek. *See id.*

23. Additionally, Defendant occasionally shorted Plaintiff's and other employee's reported hours, failing to pay Plaintiff and other employees entirely for their hours worked. *Cf.,* Plaintiff's Paystub for Check Dated 7/26/2018, attached hereto as Exhibit 5, *with* Plaintiff's Reported Hours for the Pay Period 7/2/2018-7/15/2018, attached hereto as Exhibit 6 (reflecting a shortage of 3.5 hours).

24. The FLSA provides that:

> No employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

25. At all times relevant to this Complaint, Defendant suffered or permitted Plaintiff and other similarly situated former and/or current employees to routinely perform work in excess of forty (40) hours per week without compensating Plaintiff and other employees at the federally-required overtime rate of one and one-half times their standard rate of pay.

26. Defendant knew or should have known that, as of January 1, 2015, the FLSA's domestic companionship service employment exemption, 29 U.S.C. § 213(a)(15), could no longer be claimed by third party employers of direct care workers and was neither intended to exempt, nor by proper statutory interpretation does exempt, employees of businesses—such as Defendant. *See* Exhibits 1 & 2.

27. Defendant knew or should have known that, under the FLSA, Plaintiff should have

5

EXHIBIT 1

been paid overtime "at a rate not less than one and one-half times the regular rate" at which they were employed for all compensable hours worked in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

28.    Despite this, Defendant failed to pay Plaintiff and similarly situated current and/or former employees at the overtime premium rate of one and one-half times their regular rate for all work they performed in excess of 40 hours per week.

29.    Defendant willfully, or in reckless disregard, engaged, adopted and then adhered to their policy and practice of withholding overtime pay from Plaintiff and other similarly situated former and/or current employees. This policy resulted in Plaintiff and other similarly situated former and/or current employees not being paid correctly in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of the following classes:

> All current and former PCAs or other job titles performing similar job duties employed by ASIAN-AMERICAN HOME HEALTHCARE SERVICES, INC. at any time during the last three years who were not paid overtime wages earned.

31.    Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were correctly paid overtime for all qualifying overtime hours worked.

32.    *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions;

6

EXHIBIT 1

(b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policies of not paying their employees overtime at a rate of one-and-one-half times their regular rate for all compensable time worked); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

33.    Upon information and belief, there are numerous other similarly situated current and/or former PCAs or other job titles performing similar job duties who worked in excess of forty (40) hours per week and were not compensated their correct overtime wages. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

34.    Plaintiff shares the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES**

35.    Plaintiff re-alleges and incorporate all previous paragraphs herein.

36.    At all times relevant to this action, AAHHS was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

37.    Upon information and belief, Defendant's annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

38.    Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce and therefore, she is also covered by the FLSA on an individual basis.

7

EXHIBIT 1

39.    At all times relevant to this action, Lo was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

40.    The position of PCA is not exempt from the FLSA.

41.    Defendant's other job titles performing similar job duties are not exempt from the FLSA.

42.    At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" her within the meaning of the FLSA, 29 U.S.C. § 203(g).

43.    The FLSA requires an employer to pay employees the federally-mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

44.    Defendant violated the FLSA by failing to pay Plaintiff the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

45.    Upon information and belief, Defendant has policies and practices of evading overtime pay for their hourly workers for all compensable time worked.

46.    Defendant's violations of the FLSA were knowing and willful.

47.    By failing to compensate Defendant's hourly employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide policies which operate to compensate employees at a rate less than the federally mandated overtime wage rate. These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

8

EXHIBIT 1

48.    The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the full names, last known addresses, last known telephone numbers, and email addresses (work email address if current employee, personal email if former employee) of all FLSA Collective Class members, and permitting Plaintiff to send notice of this action to all similarly situated employees, including the publishing of notice in a manner that is reasonably calculated to apprise said employees of their rights by law to join and participate in this lawsuit;

c.    Designating Kazong Lo as the FLSA Collective Class Representative;

d.    Declaring that Defendant violated its obligations under the FLSA;

e.    Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

f.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times the Plaintiff regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class;

g.    Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff, and awarding Plaintiff and the Class members all other available compensatory damages available by law;

h.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

i.    Awarding pre- and post-judgment interest to Plaintiff on these damages;

j.    Awarding all legal and equitable relief to Plaintiff under the FLSA; and

k.    Such further relief as this court deems appropriate.

9

EXHIBIT 1

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.


Dated: May 1, 2019                            /s/ Jennell K. Shannon

                                              Jennell K. Shannon (MN Bar No. 0398672)
                                              Molly E. Nephew (MN Bar No. 0397607)
                                              **JOHNSON BECKER, PLLC**
                                              444 Cedar Street, Suite 1800
                                              Saint Paul, Minnesota
                                              Telephone: (612) 436-1800
                                              Fax: (612) 436-1801
                                              jrusch@johnsonbecker.com
                                              mnephew@johnsonbecker.com
                                              jshannon@johnsonbecker.com

                                              *Counsel for Plaintiff*



## MINN. STAT. § 549.211 ACKNOWLEDGEMENT

The undersigned acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

Dated: May 1, 2019                            /s/ Jennell K. Shannon

                                              Jennell K. Shannon (MN Bar No. 0398672)

10

EXHIBIT 1

# EXHIBIT 1

EXHIBIT 1

—

## U.S. Department of Labor
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

Important information regarding recent overtime litigation in the U.S. District Court of Eastern District of Texas.

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

### Characteristics

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

### Requirements

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in <u>29 CFR 778.415</u> through <u>778.421</u>.

FS 23

EXHIBIT 1

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

**Typical Problems**

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-866-487-9243
**Contact Us**

EXHIBIT 1

# EXHIBIT 2

EXHIBIT 1

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(September 2013)

# Fact Sheet: Application of the Fair Labor Standards Act to Domestic Service, Final Rule

**Major Provisions of the Final Rule**

The Department's Final Rule concerning domestic service workers under the Fair Labor Standards Act (FLSA) brings important minimum wage and overtime protection to the many workers who, by their service, enable individuals with disabilities and the elderly to continue to live independently in their homes and participate in their communities. The Final Rule, effective January 1, 2015[1], contains several significant changes from the prior regulations, including: (1) the tasks that comprise "companionship services" are more clearly defined; and (2) the exemptions for companionship services and live-in domestic service employees are limited to the individual, family, or household using the services; and (3) the recordkeeping requirements for employers of live-in domestic service employees are revised.  The major provisions affected by the Final Rule are summarized below.

Minimum Wage and Overtime Protections.  This Final Rule revises the Department's 1975 regulations to better reflect Congressional intent given the changes to the home care industry and workforce since that time.  Most significantly, the Department is revising the definition of "companionship services" to clarify and narrow the duties that fall within the term and is prohibiting third party employers, such as home care agencies, from claiming the companionship or live-in exemptions.  The major effect of this Final Rule is that more domestic service workers will be protected by the FLSA's minimum wage and overtime provisions.

Companionship Services.  The term "companionship services" means the provision of fellowship and protection for an elderly person or person with an illness, injury, or disability who requires assistance in caring for himself or herself.  Under the Final Rule, "companionship services" also includes the provision of "care" if the care is provided attendant to and in conjunction with the provision of fellowship and protection and if it does not exceed 20 percent of the total hours worked per person and per workweek.  The Department believes it is appropriate for "companionship services" to be primarily focused on the provision of fellowship and protection, with an allowance for certain care services in order to support consumers in living independently in their homes. For additional information, see Fact Sheet #79A:  Companionship Services Under the Fair Labor Standards Act (FLSA).

Fellowship and Protection.  Under the Final Rule, "fellowship" means to engage the person in social, physical, and mental activities.  "Protection" means to be present with the person in their home or to accompany the person when outside of the home to monitor the person's safety and well-being.  Examples of fellowship and protection may include: conversation; reading; games; crafts; accompanying the person on walks; and going on errands, to appointments, or to social events with the person.

Care.  The definition of companionship services allows for the performance of "care" services if those services are performed attendant to and in conjunction with the provision of fellowship and protection and if they do not exceed 20 percent of the employee's total hours worked in a workweek per consumer. The companionship

---

[1] See Fact Sheet #25:  The Home Health Care Industry Under the Fair Labor Standards Act (FLSA) for information on the current "companionship services" exemption applicable until January 1, 2015.

EXHIBIT 1

services exemption is not applicable when the employee spends more than 20 percent of his or her workweek performing care; in such workweeks, the employee is entitled to minimum wage and overtime.

In the Final Rule, "care" is defined as assistance with *activities of daily living* (such as dressing, grooming, feeding, bathing, toileting, and transferring) and *instrumental activities of daily living*, which are tasks that enable a person to live independently at home (such as meal preparation, driving, light housework, managing finances, assistance with the physical taking of medications, and arranging medical care).

Household Work.  The Final Rule limits household work to that benefitting the elderly person or person with an illness, injury, or disability.  Household work that primarily benefits other members of the household, such as making dinner for another household member or doing laundry for everyone in the household, results in loss of the companionship exemption and thus the employee would be entitled to minimum wage and overtime pay for that workweek.

Medically Related Services.  The definition of companionship services does not include the provision of medically related services which are typically performed by trained personnel.  Under the Final Rule, the determination of whether a task is medically related is based on whether the services typically require (and are performed by) trained personnel, such as registered nurses, licensed practical nurses, or certified nursing assistants.  The determination is not based on the actual training or occupational title of the worker performing the services.  Performance of medically related tasks during the workweek results in loss of the exemption and the employee is entitled to minimum wage and overtime pay for that workweek.

Live-In Domestic Service Employees.  Live-in domestic service workers who reside in the employer's home permanently or for an extended period of time and are employed by an individual, family, or household are exempt from overtime pay, although they must be paid at least the federal minimum wage for all hours worked. Live-in domestic service workers who are solely or jointly employed by a third party must be paid at least the federal minimum wage and overtime pay for all hours worked by that third party employer. See Fact Sheet 79B: Live-In Domestic Service Employment Under the Fair Labor Standards Act (FLSA) for additional information. Employers of live-in domestic service workers may enter into agreements to exclude certain time from compensable hours worked, such as sleep time, meal time, and other periods of complete freedom from work duties.  (If the sleep time, meal periods, or other periods of free time are interrupted by a call to duty, the interruption must be counted as hours worked.)  Under the Final Rule, these employers must also maintain an accurate record of hours worked by live-in domestic service workers.  The employer may require the live-in domestic service employee to record his or her hours worked and to submit the record to the employer. See Fact Sheet 79C:  Recordkeeping Requirements for Individuals, Families, or Households Who Employ Domestic Service Workers Under the Fair Labor Standards Act (FLSA) for additional information.

Third Party Employers.  Under the Final Rule, third party employers of direct care workers (such as home care staffing agencies) are not permitted to claim either the exemption for companionship services or the exemption for live-in domestic service employees.  Third party employers may not claim either exemption even when the employee is jointly employed by the third party employer and the individual, family, or household using the services.  However, the individual, family, or household may claim any applicable exemption.  Therefore, even if there is another third party employer, the individual, family, or household will not be liable for unpaid wages under the FLSA provided the requirements of an applicable exemption are met..

Paid Family or Household Members in Certain Medicaid-funded and Certain Other Publicly Funded Programs Offering Home Care Services.  In recognition of the significant and unique nature of paid family and household caregiving in certain Medicaid-funded and certain other publicly funded programs, the Department has determined that the FLSA does not necessarily require that once a family or household member is paid to provide some home care services that all care provided by that family or household member is part of the employment relationship.  Where applicable, the Department will not consider a family or household member

EXHIBIT 1

with a pre-existing close personal relationship with the consumer to be employed beyond a written agreement developed with the involvement and approval of the program and the consumer (or the consumer's representative), usually called a plan of care, that reasonably defines and limits the hours for which paid home care services will be provided. The preamble of the rule contains a discussion of the analysis to be used.  See Fact Sheet 79F:  Paid Family or Household Members in Certain Medicaid-Funded and Certain Other Publicly Funded Programs Offering Home Care Services Under the Fair Labor Standards Act (FLSA) for additional information.

**Provisions Not Affected by this Rulemaking**

<u>Hours Worked</u>.  This rule makes no changes to the Department's longstanding regulations concerning hours worked which are contained in 29 CFR 785.10-.45.  See Fact Sheet 79D: Hours Worked Applicable to Domestic Service Employment Under the Fair Labor Standards Act (FLSA) for information on when the employee must be paid for time spent waiting, sleeping, and traveling.
Also unaffected by this rulemaking are the definition of private home and the application of FLSA "joint employment" principles.  See Fact Sheet #79:  Private Homes and Domestic Service Employment Under the Fair Labor Standards Act (FLSA) for information about what is a private home for the purpose of domestic service employment under the FLSA.

**Further Background on the Fair Labor Standards Act Provisions Governing Domestic Service Employment**

The Fair Labor Standards Act (FLSA or Act) was passed in 1938 to provide minimum wage and overtime protections for workers, to prevent unfair competition among businesses based on subminimum wages, and to spread employment by requiring employers whose employees work excessive hours to compensate employees at one-and-one-half times the regular rate of pay for all hours worked over 40.

The FLSA did not initially protect workers employed directly by households in domestic service, such as cooks, housekeepers, maids, and gardeners.  However, the FLSA's minimum wage and overtime compensation provisions did extend to domestic service workers employed by enterprises covered by the Act, such as gardeners employed by covered landscaping companies or a cook employed by a covered caterer, even if their work was in or about a private household.

Congress explicitly extended FLSA coverage to "domestic service" workers in 1974, amending the Act to apply to employees performing household services in a private home, including those domestic service workers employed directly by households or by companies too small to be covered as enterprises under the Act.

While Congress expanded protections to "domestic service" workers, the 1974 amendments also exempted certain domestic service workers from the FLSA's minimum wage and overtime provisions.  Under this exemption, casual babysitters and domestic service workers employed to provide "companionship services" (such as companions for elderly persons or persons with an illness, injury, or disability) are not required to be paid the minimum wage or overtime pay.  Congress also created an exemption only from the overtime pay requirement for live-in domestic service workers.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: <u>http://www.wagehour.dol.gov</u> and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

EXHIBIT 1

This publication is for general information and is not to be considered in the same light as official statements of position contained in the Department's regulations.

**U.S. Department of Labor**                                      **1-866-4-USWAGE**
Frances Perkins Building                                          TTY: 1-866-487-9243
200 Constitution Avenue, NW                                          **Contact Us**
Washington, DC 20210

EXHIBIT 1

# EXHIBIT 3

EXHIBIT 1

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**DISTRICT COURT**

**SECOND JUDICIAL DISTRICT**
Case Type: Other Civil

| | |
|---|---|
| KAZONG LO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.:_____ |
| v. | |
| ASIAN-AMERICAN HOME HEALTHCARE SERVICES, INC., | **CONSENT TO SUE** |
| Defendant. | |

1.    I understand that this lawsuit asserts claims under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and concerns Asian-American Home Healthcare Services, Inc., ("Defendant")'s alleged failure to pay overtime wages to me.

2.    I represent that Defendant employed me initially as a Personal Care Assistant in the last three years and did not pay me all of my overtime premiums owed for my hours worked in excess of 40 per workweek.

3.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), I hereby consent to sue and act as the Named Plaintiff in the above-captioned matter.

4.    I agree to be bound by any adjudication or court rulings in the lawsuit, whether favorable or unfavorable.

5.    I hereby designate Johnson Becker, PLLC to represent me in this lawsuit.

Signature: _Kazong Lo (Apr 24, 2019)_____

Print Name: _Kazong Lo_____

Date: _Apr 24, 2019_____    Telephone Number: _(612) 407-2703_____

EXHIBIT 1

Address: _1463 Pinto Drive Northwest, Isanti, MN 55040_____

Address (Line 2): _____

Email Address: _kazonglo@gmail.com_____

EXHIBIT 1

# EXHIBIT 4

EXHIBIT 1

Asian American Home Health Care
225 University Ave W Suite 123B
St Paul, MN 55103

| | |
|---|---|
| Hire Date: 9/14/2016 | |
| Fed Status: Married, Exemptions: 7 | |
| MN Status: Married, Exemptions: 7 | |
| Direct Deposit: | |
| US Bank: | $1,251.53 |

**Kazong Lo**
**1463 Pinto Dr NW**
**Isanti, MN  55014**

**Asian American Home Health Care**                    **651-641-8660**

| Employee Name | | SSN | Emp. ID | Company: Asianhhc | | Check No.  0 | P/P: 02/11/2019-02/24/2019 |
|---|---|---|---|---|---|---|---|
| Kazong Lo | | *6059 | 219 | Group: | Loc. | Dept: | Check Date:  03/07/2019 |

| Earnings | Hours | Hourly Rate | Current | Year-To-Date | Taxes/Deductions | Current | Year-To-Date |
|---|---|---|---|---|---|---|---|
| PCA | 112.00 | 12.1000 | 1,355.20 | 5,066.88 | Federal Tax | 0.00 | 0.00 |
| Holiday Pay | | | 0.00 | 186.04 | Soc. Sec. Tax | 84.02 | 325.68 |
| | | | | | Medicare Tax | 19.65 | 76.17 |
| | | | | | MN State Tax | 0.00 | 0.00 |

| TOTALS | Gross Wages | Taxable Wages | Total Taxes & Other Deductions | Net Pay |
|---|---|---|---|---|
| Current | 1,355.20 | 1,355.20 | 103.67 | 1,251.53 |
| Year-To-Date | 5,252.92 | | DIRECT DEPOSIT | 1,251.53 |

EXHIBIT 1

# EXHIBIT 5

EXHIBIT 1

Asian American Home Health Care
225 University Ave W Suite 123B
St Paul, MN 55103

| Hire Date: 9/14/2016 |  |
|---|---|
| Fed Status: Married, Exemptions: 7 |  |
| MN Status: Married, Exemptions: 7 |  |
| Direct Deposit: |  |
| US Bank: | $1,012.67 |

**Kazong Lo**
**1463 Pinto Dr NW**
**Isanti, MN  55014**

**Asian American Home Health Care**                              **651-641-8660**

| Employee Name | | SSN | Emp. ID | Company: Asianhhc | | | Check No.  0 | P/P: 07/02/2018-07/15/2018 |
|---|---|---|---|---|---|---|---|---|
| Kazong Lo | | *6059 | 219 | Group: | Loc. | Dept: | Check Date:   07/26/2018 | |

| Earnings | Hours | Hourly Rate | Current | Year-To-Date | | Taxes/Deductions | Current | Year-To-Date |
|---|---|---|---|---|---|---|---|---|
| PCA | 81.25 | 12.1000 | 983.12 | 15,365.20 | | Federal Tax | 0.00 | 328.78 |
| Overtime | | | 0.00 | 304.46 | | Soc. Sec. Tax | 67.99 | 987.56 |
| Holiday Pay | 6.25 | 18.1500 | 113.44 | 258.64 | | Medicare Tax | 15.90 | 230.96 |
| | | | | | | MN State Tax | 0.00 | 235.40 |

| TOTALS | Gross Wages | Taxable Wages | Total Taxes & Other Deductions | Net Pay |
|---|---|---|---|---|
| Current | 1,096.56 | 1,096.56 | 83.89 | 1,012.67 |
| Year-To-Date | 15,928.30 | | DIRECT DEPOSIT | 1,012.67 |

EXHIBIT 1

# EXHIBIT 6

EXHIBIT 1

**Asian-American Home Health Care Services, Inc.**
735 W. University Ave, Suite 3238 St. Paul, MN 55103     Phone: (651) 641-8660     Fax: (651) 641-8652

PCA TIME AND ACTIVITY DOCUMENTATION

DATE/ALLOCATION OF RECIPIENT STAY IN HOSPITAL/CARE FACILITY/INCARCERATION
(ATTACH ANY ADDITIONAL NOTES ON BACK OF SHEET)

| DATES OF SERVICE | MON | TUE | WED | THUR | FRI | SAT | SUN | MON | TUE | WED | THUR | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ACTIVITIES | WEEK 1 7/2/18 | 7/3/18 | 7/4/18 | 7/5/18 | 7/6/18 | 7/7/18 | 7/8/18 | WEEK 2 7/9/18 | 7/10/18 | 7/11/18 | 7/12/18 | 7/13/18 | 7/14/18 | 7/15/18 |

| DAILY TOTAL HOURS | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 | 1.5 |
| TOTAL | Total 1.5 | | | | | | HR 10.6 | Total 1.5 | | | | | | HR 10.5 |

HERE SUPPOSE BLACK INK WRITE-OUT IS NOT PERMITTED ON THIS FORM

Yee Thao     Karong Lo

Scanned by CamScanner
EXHIBIT 1

Scanned by CamScanner



EXHIBIT 1