UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kazong Lo | Civ. No. 19-1401 (PJS/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Asian-American Home Healthcare Services, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Approve Settlement and to Dismiss Action. (Doc. No. 27.) Defendant, Asian-American Homecare Services, Inc., seeks approval of the settlement of Plaintiff Kazong Lo's Fair Labor Standards Act ("FLSA") lawsuit and dismissal of the case. Defendant filed its Motion on December 3, 2019 and a hearing was held on January 28, 2020. (*See* Doc. Nos. 27, 37.) Defendant was present, represented by counsel. Plaintiff did not oppose Defendant's Motion or appear at the hearing.

Plaintiff filed this FLSA lawsuit against her employer, Asian-American Home Healthcare Services, Inc., as a putative class representative. (*See* Doc. No. 13-2, Exs. A, B.) However, prior to the Pretrial Conference and before any motion for class certification was brought, Plaintiff executed a settlement agreement directly with the Defendant. (Doc. No. 19, Ella Decl. ¶ 10.) As Defendant explained, Ms. Lo's Hmong

clan leader and Defendant's Vice-President's clan leader helped the parties reach their settlement. (Doc. No. 29, Vang Decl. ¶ 5.)

Plaintiff then terminated her representation of counsel. (Doc. No. 13, Ex. 1 ¶ 15.) Plaintiff's counsel filed a motion to withdraw, expressing concern that Plaintiff was coerced into the settlement with the Defendant. (Doc. No. 13, Mem. in Support of Mot. to Withdraw 15–19.) The Court granted counsel's motion to withdraw, but also ordered that Defendant must include Plaintiff's former counsel's concerns in Defendants' application for the Court's approval of the FLSA settlement. (*See* Doc. No. 26, 10/03/19 Ord.) Plaintiff is now pro se.

Defendant filed its Motion for Approval of the Settlement and to Dismiss and appropriately inserted Plaintiff's former counsel's concerns in their Memorandum of Law. (*See* Doc. No. 27, Mot. for Approval of Settlement 7–8.) As noted above, Plaintiff did not oppose Defendant's motion and did not appear at the hearing. Along with the Motion papers, the Court received a copy of the signed settlement agreement and the signed Stipulation for Dismissal. (Doc. Nos. 29, Ex. A, and 31-1, Ex. D.) In addition, Defendant provided a copy of a receipt for a cash withdrawal from Wells Fargo Bank. (Doc. No. 29, Wells Fargo Bank Transaction Receipt, Ex. C.) In his Declaration, Defendant's Vice-President, Phineas Vang, claims the amount withdrawn was given to the Plaintiff. (Vang Decl. ¶ 7.) There is no record, however, of the receipt of any cash or

check by Plaintiff. Defendant's counsel was unable to offer any assurance to the Court that such a payment was actually made.[1]

A court may approve a settlement agreement if the litigation involves a bona fide dispute and the "proposed settlement is fair and equitable to all parties." *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017).

> To determine whether settlement terms are fair and equitable to all parties, a district court may consider a multitude of factors, including (1) the stage of litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.*

Here, the Court is unable to determine that the settlement agreement terms are fair and equitable because Defendant has not shown that the Plaintiff was paid.[2] For this reason, the Court will not approve the settlement.

Accordingly, **IT IS HEREBY ORDERED** that:

**1.** Defendant's Motion to Approve Settlement and to Dismiss Action (**Doc.**

---

[1] Defendant's counsel was candid with the Court and acknowledged an appreciation of the Court's concern with Defendant's unusual method of making a payment pursuant to a formal settlement agreement and the resulting lack of proof that a payment was received by Plaintiff.

[2] It is also not clear how the cash withdrawn and the alleged transfer of this amount to Plaintiff aligns with the settlement of Plaintiff's claim since the settlement agreement references different sums to be paid to Plaintiff by check. (*See* Doc. No. 29-1.) The Court need not delve into this additional problem, however, because there is insufficient evidence to show that the cash withdrawn from Wells Fargo was actually received by Plaintiff.

**No. 27**) is **DENIED.**

Date: March 4, 2020
　　　　　　　　　　　　　　　　*s/ Becky R. Thorson*
　　　　　　　　　　　　　　　　BECKY R. THORSON
　　　　　　　　　　　　　　　　United States Magistrate Judge